# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ASHLEY CONGRESS, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No.: 2:16-cv-00909-JHE |
| JAMES MOREFIELD, JR., et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER[1]

On February 26, 2016, Plaintiffs Ashley and Unique Congress initiated this action against Defendants James Morefield, Jr., Ronald R. Jones d/b/a R&M Jones Trucking, Ronald R. Jones individually, and R&K Stoner Logistics, Inc. in the Circuit Court of Jefferson County, Alabama, alleging state law claims for (1) negligence, (2) wanton and reckless conduct, (3) negligent, reckless and/or wanton violations of the rules of the road, (4) and negligent entrustment.[2] (Doc. 1-1 at 37-44). On June 1, 2016, Defendants removed the action to this court. (Doc. 1). On April 11, 2017, Defendants filed a collective motion for partial summary judgment to the extent the Plaintiffs assert wantonness, negligent hiring, and negligent entrustment claims,[3] (doc. 18), and

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 9).

[2] The complaint also asserts these claims against several fictitious parties. "As a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (citation omitted).

[3] Defendants state they move for summary judgment on all claims. (Doc. 18 at 4). However, their motion does not address Count I (negligence) at all, or Count III (negligent, reckless, and/or wanton violations of the rules of the road) except to the extent that count alleges wantonness. Because Defendants have not briefed these issues, the undersigned construes the

evidentiary material in support of that motion, (doc. 19).  Plaintiffs responded on May 2, 2017, stating they have no objection to the three grounds on which the Defendants have moved for summary judgment, but maintaining there is a genuine issue of material fact with respect to the negligence and negligent violation of the rules of the road claims.  (Doc. 21).  The motion is fully briefed and ripe for review.  (Docs. 18 & 21).  For the reasons stated below, Defendants' motion is **GRANTED**.

## I. Standard of Review

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 447 U.S. 317, 322 (1986).  The moving party bears the initial burden of proving the absence of a genuine issue of material fact.  *Id.* at 323.  The burden then shifts to the nonmoving party, who is required to "go beyond the pleadings" to establish there is a "genuine issue for trial."  *Id.* at 324.  (citation and internal quotation marks omitted).  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

---

motion according to its substance—a motion for partial summary judgment—rather than according to this stray, contradictory assertion.

The Court must construe the evidence and all reasonable inferences arising from it in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, (1970); *see also Anderson*, 477 U.S. at 255 (all justifiable inferences must be drawn in the non-moving party's favor). Any factual disputes will be resolved in Plaintiff's favor when sufficient competent evidence supports Plaintiff's version of the disputed facts. *See Pace v. Capobianco*, 283 F.3d 1275, 1276-78 (11th Cir. 2002) (a court is not required to resolve disputes in the non-moving party's favor when that party's version of the events is supported by insufficient evidence). However, "mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (per curiam) (citing *Bald Mtn. Park, Ltd. v. Oliver*, 836 F.2d 1560, 1563 (11th Cir. 1989)). Moreover, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson*, 477 U.S. at 252).

## II. Summary Judgment Facts

On December 16, 2014, Plaintiff Ashley Congress was driving with her daughter, Unique, on Princeton Parkway in Jefferson County, Alabama. (Doc. 19-1 at ¶ 10). At the same time, Defendant James Morefield was driving a tractor-trailer (owned by Defendant R&M Jones Trucking and leased to Defendant R&K Stoner Logistics, Inc.) in the same direction on Princeton Parkway. (Doc. 19-3 at 13 (47:11-23, 48:4-6); doc. 19-4 at 5 (13:3-9); doc. 19-6 at 9 (8:5-9)). Morefield was stopped at a red light at the intersection of Princeton Parkway and Third Avenue West when the Congresses approached the intersection and stopped at the same light; Morefield was stopped in the left lane, while the Congresses were in the right lane. (Doc. 19-1 at ¶ 10; doc. 19-3 at 13-14 (47:11-23, 48:4-6, 49:6-8)). When the light turned green, Morefield attempted to

make a right turn, but the turn was wide and his vehicle's trailer contacted the Congresses' front bumper, pulling it off. (Doc. 19-1 at ¶ 10; doc. 19-3 at 18 (66:12-23, 67:-23, 68:1-14); doc. 19-4 at 14-16 (51:2-23, 56:11-25, 57:1-7)). Because the contact itself was minor, Morefield was unaware that the collision had happened. (Doc. 19-3 at 14-15 (51:9-10, 54:17-18); doc. 19-4 at 13 (51:2-21)). However, Ashley Congress followed Morefield for about a block and got his attention, after which Morefield pulled into a parking lot and Ashley Congress called the police. (Doc. 19-3 at 14 (51:2-5); doc. 19-4 at 13 (51:9-23)).

Morefield holds a commercial driver license ("CDL"), which has never been suspended or revoked. (Doc. 19-4 at 6 (19:1-25, 20:13-14)). He has never received a traffic citation while operating a commercial vehicle and, other than accident that is the subject of this action, has never been involved in a motor vehicle accident. (Doc. 19-4 at 7 (21:12-14, 22:16-19)). Morefield has received only one citation as a driver: for driving without a seatbelt. (Doc. 19-4 at 7 (21:20-25, 22:1-15)). R&K Stoner Logistics performed a check into Morefield's driving qualifications and background and determined he had a "clean record." (Doc. 19-6 at 9-10 (8:13-24, 9:8-14)).

### III. Analysis

As stated above, Defendants' motion for partial summary judgment is unopposed. However, "summary judgment, even when unopposed, can only be entered when 'appropriate.'" *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). Therefore, the court must consider the motion on its merits and review the evidence in support of the motion to determine whether the Defendants have met their burden under Rule 56.

Defendants have moved for summary judgment on two claims explicitly made in the complaint: wantonness (which is the entirety of Count II and a portion of Count III) and negligent

entrustment (Count IV). They have also moved for summary judgment on a theory they claim is implicit in the complaint: negligent hiring and/or supervision. They do not move for summary judgment on the remainder of the Congresses' claims: Count I (negligence) or Count III (to the extent it alleges negligent violations of the rules of the road).[4]

**A. Negligent Entrustment**

To prevail on a claim for negligent entrustment, a plaintiff must show "(1) an entrustment of the vehicle; (2) to an incompetent; (3) with knowledge that he is incompetent; (4) negligent or wanton use of the entrusted vehicle which proximately caused the plaintiff's damages; and (5) damages." *Penland v. Allsup*, 527 So. 2d 715, 715 (Ala. 1988). "[T]he incompetence of a driver is measured by the driver's demonstrated ability (or inability) to properly drive a vehicle." *Halford v. Alamo Rent-A-Car, LLC*, 921 So. 2d 409, 413–14 (Ala. 2005).

There is no evidence that Morefield was unable to properly drive a vehicle or that, if he was, any of the other defendants were aware of his incompetence. Considering Morefield's driving record, the Alabama Supreme Court has held a driving record that includes two speeding tickets and a deferred adjudication of a DUI charge to be insufficient as a matter of law to establish incompetence. *Pryor v. Brown & Root USA, Inc.*, 674 So. 2d 45, 52 (Ala. 1995). Morefield's record is far less problematic. The undisputed facts are that Morefield has held a CDL which has never been suspended or revoked and has received only a single traffic citation as a driver, for

---

[4] In a footnote, Defendants state "[t]he Complaint contains no allegations related to agency and/or *respondeat superior.*" (Doc. 18 at 4 n.1). This is incorrect; the complaint explicitly contends that "James Morefield Jr. was engaged in the regular course and scope of his employment for Defendants Ronald R. Jones d/b/a R&M Jones Trucking and/or R&K Stoner Logistics, Inc., as an agent, servant, and/or employee and are legally responsible for his actions." (Doc. 19-1 at ¶ 11). Therefore, to the extent the Congresses' unchallenged claims proceed, they proceed against all defendants.

driving without a seatbelt. Morefield has never received a citation while operating a commercial vehicle. There is simply no evidence from which a jury could conclude Morefield was incompetent. Additionally, there is no dispute that Morefield's background check was clean, revealing nothing to indicate Morefield was incompetent; thus, there is nothing from which a jury could find the other defendants had knowledge of Morefield's incompetence. Therefore, Defendants are entitled to summary judgment on the negligent entrustment claim, and their motion is due to be **GRANTED** with respect to Count IV.

### B. Wantonness

Defendants have also moved for summary judgment on the Congresses' claims to the extent they allege wantonness. Specifically, Count II (wanton and reckless conduct) and Count III (negligent, reckless and/or wanton violations of rules of the road) allege some form of wanton conduct. Under Alabama law, wantonness is "conduct which is carried on with a reckless or conscious disregard of the rights or safety of others." ALA. CODE § 6-11-20(b)(3) (1975). Wantonness is distinct from negligence because it "requires some degree of consciousness on the part of the defendant that injury is likely to result from an act or omission." *Coca-Cola Bottling Co. United v. Stripling*, 622 So. 2d 882, 884 (Ala. 1993). Unlike negligence, which is inadvertent, "wanton or willful misconduct is characterized as such by the state of mind with which the act or omission is done or omitted." *Id.* at 885 (citation omitted).

There is no evidence of such culpability in this case. The collision occurred at low speed, with no indication Morefield was aware of it at all until he was flagged down by Ashley Congress. No evidence suggests Morefield engaged in any action at all with the conscious state of mind required for wantonness. Therefore, the motion for summary judgment is due to be **GRANTED** as to Count II in full and as to Count III to the extent it alleges wantonness.

6

## C. Negligent Hiring and/or Supervision

Defendants also argue that to the extent the complaint references negligent hiring and/or supervision, they are entitled to summary judgment on that claim as well. (Doc. 18 at 15-16). To support such a claim against R&K Stoner Logistics, R&M Trucking, or Ronald Jones, the Congresses must prove (1) Morefield committed a tort recognized under Alabama law; (2) Morefield was incompetent to drive his vehicle; (3) R&K Stoner Logistics, R&M Trucking, or Ronald Jones had actual notice of Morefield's incompetence or would have known had they exercised due diligence; and (4) R&K Stoner Logistics, R&M Trucking, or Ronald Jones failed to respond to this notice adequately. *Askew v. R & L Transfer, Inc.*, 676 F. Supp. 2d 1298, 1303–04 (M.D. Ala. 2009) (citations omitted).

As with the negligent entrustment claim, there is no evidence of Morefield's incompetence to support the second element. Further, there was no notice to R&K Stoner Logistics, R&M Trucking, or Ronald Jones of any incompetence to satisfy the third element, and no indication that R&K Stoner Logistics' background check, which revealed Morefield's undisputedly clean record, was inadequate. Therefore, Defendants are entitled to summary judgment on the Congresses' claims to the extent they allege negligent hiring and/or supervision, and the motion is due to be **GRANTED** on this ground.

## IV. Conclusion

Defendants' motion for partial summary judgment, (doc. 18), is **GRANTED** as to the Congresses' claims for negligent entrustment, negligent hiring and/or supervision, and wantonness. Therefore, Counts II and IV are **DISMISSED** in their entirety, and Count III is **DISMISSED** to the extent it alleges wantonness. To the extent the complaint asserts claims of negligent hiring and/or supervision, those claims are **DISMISSED**.

The remaining claims, Count I (negligence) and Count III (negligent violation of the rules of the road), proceed. The parties are encouraged to discuss alternative dispute resolution, including the potential for mediation. The parties are **ORDERED** to file a joint status report by **January 22, 2018**, regarding the status of such discussion and whether they believe mediation would be beneficial to the resolution of the remaining claim.

DONE this 8th day of January, 2018.

**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE